Smith v. Bracey.

## ERROR—EXECUTORS AND ADMINISTRATORS.

[Huron (6th) Circuit Court, October, 1910.]

Parker, Wildman and Kinkade, JJ.

### MARY A. SMITH v. BERTHA A. BRACEY ET AL.

CIRCUIT COURT HAS NO JURISDICTION TO REVIEW PROCEEDINGS FOR THE REMOVAL OF ADMINISTRATORS.

> The circuit court, under R. S. 6708, 6709 (Gen. Code 12241, 12247) has no jurisdiction to review by a proceeding in error an order of the common pleas court removing an administrator in a proceeding brought into that court on error to the probate court.

[Syllabus approved by the court.]

ERROR to common pleas court.

C. P. Wickham and A. M. Beattie, for plaintiff in error.
A. V. Andrews and E. M. Palmer, for defendants in error.

## PER CURIAM.

This case is a proceeding in error to reverse an order of the common pleas court removing plaintiff in error as administrator of the estate of Adaline A. Clark. A motion was originally filed in the probate court for such removal and was overruled. The proceeding was thereupon appealed to the common pleas court, which sustained the motion and made the order now sought to be reviewed and reversed.

At the outset of our inquiry we find ourselves confronted by a question of jurisdiction. Prior to May 6, 1902, the statute relating to error proceedings from judgments and orders of the probate court to the common pleas court was substantially identical with those as to proceedings in error from judgments and orders of the common pleas to the circuit court. See R. S. 6708 and 6709 (Gen. Code 12241, 12247). Neither conferred any specific power to review orders removing executors, administrators, etc. R. S. 6708 (Gen. Code 12241) was amended by act 95 O. L. 392, so as to authorize proceedings in error in the common pleas court to review such orders of

the probate court; but R. S. 6709 (Gen. Code 12247), which defined the jurisdiction of the circuit court to review orders and judgments of the common pleas court, was not so amended.

In 1900, before the amendment of R. S. 6708, the Supreme Court, in the case of *Monger* v. *Jeffries,* 62 Ohio St. 149 [56 N. E. Rep. 654], expressly held that an order of the probate court for the removal of an executor was not subject to review on petition in error in the court of common pleas. So far as the conclusion reached in that case applied to orders of the probate court under R. S. 6708, it is robbed of its force by the amendment before referred to; but it still in principle applies to the other section containing the same phraseology as original unamended R. S. 6708. In other words, while an order of the probate court removing an executor or administrator is now reviewable in error proceedings in the common pleas court, like orders of the common pleas court are not reviewable in the circuit court.

The case cited was followed without report in the cases of *Campbell* v. *Miner* (*Tr.*), 62 Ohio St. 659, and *Martin* v. *Dershem,* 65 Ohio St. 556, and also by our own court in the case of *Stafford* v. *Missionary Assn.* 12 Circ. Dec. 442 (22 R. 399). It was cited with apparent approval in *Schumacher* v. *McCallip,* 69 Ohio St. 513 [69 N. E. Rep. 986]. See also *North* v. *Smith,* 27 O. C. C. 367 (5 N. S. 495), and cases therein cited; also *Ferguson* v. *Ferguson,* 16 Dec. 486 (3 N. S. 549).

In the case of *Breckenridge, In re,* 27 O. C. C. 688 (7 N. S. 86), the circuit court of Cuyahoga county seems to have assumed jurisdiction in a proceeding in error to review an order of the common pleas court removing an executor; but it is not apparent that the question of jurisdictional power to do so was raised.

We conclude that no jurisdiction has been conferred on the circuit court to review, by a proceeding in error, the order of the court of common pleas removing plaintiff in error as administrator, and for that reason the petition in error will be dismissed.